United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40013
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS CASTILLO-RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-567-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Castillo-Ramirez appeals the sentence imposed following his guilty-plea conviction for being unlawfully present in the United States after deportation following a conviction for an aggravated felony. For the first time on appeal, Castillo argues that the district court committed reversible error under United States v. Booker, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines. He asserts that this issue should be reviewed de novo because raising an objection in the district court would have been futile

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and because the remedial opinion in <u>Booker</u> was unforeseeable. We review for plain error. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556). As Castillo acknowledges, this argument is foreclosed.

Castillo contends that the district court plainly erred by sentencing him pursuant to a mandatory application of the guidelines because the error was structural or because prejudice should otherwise be presumed. He concedes that he cannot show plain error under the standard set forth in <u>United States v. Mares</u>, 402 F.3d 511, 520-21 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517), but asserts that <u>Mares</u> was wrongly decided. The error was not structural and prejudice is not otherwise presumed. <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005); <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir. 2005)(citing <u>Mares</u>, 402 F.3d at 520-22), <u>petition for cert. filed</u> (July 11, 2005) (No. 05-5297). As Castillo acknowledges, this argument is foreclosed.

Also for the first time on appeal, Castillo argues that the sentence enhancing provisions contained in 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional. This argument is foreclosed by the Supreme Court's decision in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d

979, 984 (5th Cir. 2000).  The Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004), and Booker did not overrule Almendarez-Torres.  See Booker, 125 S. Ct. at 756; Blakely, 124 S. Ct. at 2536-43.  This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  As Castillo concedes, this argument is foreclosed.

AFFIRMED.